## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

TOLGA ULUSEMRE and XIAOLEI
XU, individually and on behalf minor
children, A.U. and D.U.,

       *Plaintiffs,*

v.

MIKE NORRIS, Blue Valley hearing
officer, in his individual capacity; and
MARK WARD, BRIAN DEMPSEY,
AND CRISTA GRIMWOOD, KSDE
employees, in their individual
capacities,

       *Defendants.*

Case No. 25-2710-AJP-ADM

## MEMORANDUM AND ORDER

Pro se plaintiffs Tolga Ulusemre and Xiaolei Xu, along with their children

D.U. and A.U., have brought a § 1983 claim against several education officials in

their individual capacities who facilitated and oversaw Plaintiffs' Individuals with

Disabilities Education Act ("IDEA") due process hearings. Plaintiffs claim their

First Amendment right to petition the government for redress of grievances was

violated because they were deprived of fair and impartial hearings due to the

appointment of a biased hearing officer who heard the last three complaints the

parents filed against their children's school district, Blue Valley U.S.D. 229 ("Blue

Valley"). Defendants seek dismissal of Plaintiffs' suit, alleging, among other things,

a lack of standing and a failure to exhaust administrative remedies. (Doc. 13). For the reasons stated below Defendants' motion to dismiss is granted.

## I.    Factual and Procedural Background[1]

D.U. and A.U. were students and their mother, Xioalei Xu, was a teacher's aide in Blue Valley. In February 2023, D.U.'s teacher told another teacher that A.U. was "trying to make bombs," and D.U. was "going to shoot up the school." (Doc. 1-1 ¶ 2). Subsequently, the teacher filed a police report. After an investigation, the police took no action against A.U. or D.U.

This notwithstanding, D.U.'s teacher spread the story among the school staff and parents resulting in a "mob" that pressured Blue Valley to expel the children. (Doc. 1-1 ¶ 5). Blue Valley chose not to expel the children, but instead chose to involuntarily transfer A.U., D.U., and Xu to different schools in the middle of the spring 2023 semester.

Both A.U. and D.U. struggled with the transfer. As a result, A.U. and D.U. developed anxiety, and D.U. started having "serious school avoidance issues." (Doc. 1-1 ¶ 7). In August 2023, Ulusemre and Xu officially requested accommodations from Blue Valley to help their children settle in.

Dissatisfied with Blue Valley's response and the experience their children were having, in January 2024, the parents filed a suit in state court on D.U.'s behalf against Blue Valley for his ongoing struggles.

Then, in May 2024, the parents filed their first due process complaint with Kansas State Department of Education ("KSDE") on behalf of A.U. and D.U. against

Blue Valley. According to the Plaintiffs, there were four available hearing officers: Angela Gupta, Mike Norris, Robin Carlson, and Larry Rute. Blue Valley offered Gupta or Carlson as possible hearing officers, but the parents disqualified Carlson, leaving Gupta as the default hearing officer. While that selection process was ongoing, the parents filed a second due process complaint. Hearing Officer Gupta consolidated the parents' second due process complaint with the first and dismissed them both with prejudice.

In February 2025, the parents filed a third due process complaint, and Blue Valley offered Gupta or Rute as possible hearing officers, but the parents disqualified both. KSDE's Grievance Coordinator Crista Grimwood then appointed Norris as the hearing officer. The parents then filed a motion to disqualify Norris, alleging he was biased because he had mentored Blue Valley's counsel, had represented multiple school districts in Kansas that partnered with Blue Valley, his law firm was located in the county that Blue Valley primarily served, and he had a vested interest in maintaining the prestige of Blue Valley due to his real estate ties. Norris dismissed the third due process complaint with prejudice in April 2025.

In July 2025, the parents filed a fourth due process complaint. Blue Valley again offered Gupta or Rute as possible hearing officers, but as before, the parents disqualified both, prompting Grimwood to again appoint Norris as the hearing officer. Plaintiffs allege Norris' appointment was "pre-determined and co-engineered" by Blue Valley and Grimwood. (Doc. 1-2). The parents asked Grimwood to appoint an impartial hearing officer instead of Norris. She rejected the

request and told the parents that they "did 'not have the authority to dictate who will serve as the Hearing Officer.'" (Doc. 1-1 ⁋ 36).

These acts, plus that the fact that two other KSDE employees, Mike Ward and Brian Dempsey, had been copied on the email communications, apparently led the parents to conclude that Norris's appointment had been a "preplanned, concerted decision by a clique in KSDE." (Doc. 1-1 ⁋ 38).

In November 2025, the parents filed a fifth due process complaint. Blue Valley again offered Gupta or Rute as possible hearing officers, but like before, the parents disqualified both. Grimwood, as she had done in the prior complaints, appointed Norris as the hearing officer.

Plaintiffs allege their pursuit of justice has been thwarted by the collusion between Defendants and Blue Valley, and because the administrative hearings were rigged as they deprived the parents of an impartial administrative hearing. Plaintiffs further contend Defendants prejudiced the parents' cases and obstructed their access to the federal courts because federal courts do not review administrative hearings de novo. Thus, according to Plaintiffs, Defendants violated the First Amendment by depriving them of their right to petition the government for redress of their grievances against Blue Valley. Plaintiffs have not alleged that they have exhausted any of their available administrative remedies for their due process complaints.

Defendants seek dismissal of Plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(6), asserting, among other things, that Plaintiffs lack standing and that Plaintiffs have failed to exhaust their available administrative remedies. (Doc. 13).

## II.     Legal Standard

When ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court assumes as true all the well-pleaded factual allegations and views them in the light most favorable to the nonmoving party in order to determine whether they plausibly give rise to an entitlement of relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009); *Brown v. Montoya,* 662 F.3d 1152, 1162 (10th Cir. 2011). However, a court need not accept as true those allegations which state only legal conclusions. *Hall v. Bellmon,* 935 F.3d 1106, 1110 (10th Cir. 1991). In fact, a pleading which offers mere labels and conclusions or naked assertions devoid of further factual enhancement will not suffice. 556 U.S. at 679. Moreover, while the court is to liberally construe a pro se plaintiff's pleading, *see Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009), the court must refrain from supplying additional facts or constructing a legal theory for the plaintiff that assumes unpleaded facts. *Peterson v. Shanks,* 149 F.3d 1140, 1143 (10th Cir. 1998); *see also Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (court cannot serve as litigant's attorney in constructing arguments and searching the record).

## II.    Analysis

### A.    Plaintiffs Ulusemre and Xu lack standing to bring A.U. and D.U.'s claims.

Defendants first claim that Plaintiffs Ulusemre and Xu cannot litigate their children's claims pro se. Ulusemre and Xu are proceeding pro se, and they are litigating these claims individually and on behalf of their children, A.U. and D.U. A non-attorney parent, however, cannot litigate a child's claim pro se. *Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1299–1300 (10th Cir. 2011) (explaining that the right to proceed pro se is limited to representing oneself and does not extend to parents representing their children). "[U]nder Fed.R.Civ.P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney." *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986). Thus, A.U. and D.U.'s claims must be dismissed for lack of standing. *See The Wilderness Soc'y v. Kane Cnty., Utah*, 632 F.3d 1162, 1168 ("The prudential standing doctrine encompasses various limitations, including the general prohibition on a litigant's raising another person's legal rights.") (quotation marks and citation omitted); *see also* Fed. R. Civ. Pro. 12(h)(3) (stating that the Court must dismiss the case if it lacks subject matter jurisdiction).

### B.    Plaintiffs Ulusemre and Xu have failed to exhaust their administrative remedies.

Defendants also assert that Plaintiffs' claims should be dismissed as they have failed to exhaust their administrative remedies.

"The doctrine of exhaustion of administrative remedies is well established in the jurisprudence of administrative law. The doctrine provides that no one is

entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006) (citations omitted); *Kansas by & through Kansas Dep't for Child. & Fams. v. SourceAmerica*, 874 F.3d 1226, 1246 (10th Cir. 2017) (exhaustion doctrine prevents judicial relief until administrative remedies exhausted). Exhaustion requirements are designed to give litigants who do not wish to exhaust their administrative remedies an incentive to do so. *Woodford*, 548 U.S. at 90.

A state receiving federal funds under the IDEA must implement policies to ensure that disabled students have access to a "free, appropriate public education" (FAPE). 20 U.S.C. § 1412(a)(1)(A). Under the IDEA, state educational agencies must adhere to substantive and procedural requirements. *T.S. v. Indep. Sch. Dist. No. 54,* 265 F.3d 1090, 1091 (10th Cir. 2001). In Kansas, if a disabled student believes he or she is not receiving a FAPE, or that the state has violated IDEA procedures, a parent can file a complaint with the Kansas State Department of Education (KSDE). 20 U.S.C. § 1415(b)(6); 34 C.F.R. § 300.507; K.S.A. 72-3415. Parents of an aggrieved student are entitled to a due process hearing from an administrative law judge or hearing officer. 20 U.S.C. § 1415(f)(1)(A); 34 C.F.R. § 300.511; K.S.A. 72-3416(e); K.A.R. 91-40-28. Such rights include the right to an impartial hearing. *See* 20 U.S.C. § 1415(f); 34 C.F.R. § 300.511; K.S.A. 72-3416(e)&(f). The student then has the right to appeal the hearing officer's decision to the Kansas Office of Administrative Hearings. 20 U.S.C. § 1415(g); K.S.A. 72-3416(h); K.S.A. 72-3418; K.S.A. 75-37,121(d). In such an appeal, the administrative

hearing officer or review officer will review the hearing officer's decision in its entirety and issue a decision. 34 C.F.R. § 300.514; K.S.A. 72-3418. Only after exhausting these administrative remedies at the state level may the student file a civil action in state court or federal court seeking judicial review of the administrative proceedings. 20 U.S.C. § 1415(i)(2); 34 C.F.R. §§ 300.514(d) & 300.516; K.S.A. 72-3418(c); *Cudjoe v. Indep. Sch. Dist. No. 12*, 297 F.3d 1058, 1063 (10th Cir. 2002).

Plaintiffs pursued IDEA's administrative remedies by filing five due process complaints with KSDE. But they only complain here of the rulings on the third, fourth, and fifth complaints. Plaintiffs allege that they were denied their right to petition the government for redress and to have an impartial due process hearing as guaranteed by the IDEA when a biased hearing officer, Mike Norris, was thrice appointed as the hearing officer for their due process complaints. Ultimately, they contend that the "rigged" hearings injured them because their accommodation requests for a FAPE against Blue Valley were denied.  This accommodation denial led to the parents unenrolling their children from Blue Valley and enrolling them in private school. Plaintiffs ask this Court to reverse the rulings from the administrative hearings conducted by Norris and rule against Blue Valley on their due process complaints. In addition, they seek damages to cover their children's private school education.

Although Plaintiffs couch their claims under the right to petition their government for redress of grievances,[2] the Plaintiffs actually seek relief from the

denial of their requested FAPE accommodations and damages that resulted from such denials.[3] They do not ask for permission to file a due process complaint out of time nor do they seek a new administrative hearing before a new hearing officer. Instead, they ask this Court to circumvent the administrative procedures provided for in the IDEA and simply grant them their FAPE accommodations plus monetary damages.[4] The exhaustion requirement prohibits Plaintiffs from circumventing the IDEA's administrative process by seeking a "do over" in federal court.

Importantly, Plaintiffs do not allege they availed themselves of the remedies available to them through the administrative procedures for the third, fourth, or fifth due process complaints.[5] K.S.A. 72-3416(e)&(f) allowed Plaintiffs to seek the disqualification of any hearing officer they believed to be biased, and K.S.A. 72-3418(b) allowed them to appeal any hearing officer decision. Plaintiffs do not allege ever utilizing their appeal rights. Thus, Plaintiffs have not exhausted their administrative remedies.  Accordingly, because Plaintiffs have failed to exhaust their administrative remedies, this Court is without jurisdiction to hear Plaintiffs' complaint. The dismissal of this case without prejudice is warranted. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) (dismissal for lack of subject matter jurisdiction should be without prejudice).

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss[6] (Doc. 13) is **GRANTED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated this 30th day of July, 2026.

*s/ Anthony J. Powell*
ANTHONY J. POWELL
UNITED STATES DISTRICT JUDGE

---

[1] The facts in this section are taken from Plaintiff's Complaint unless otherwise cited.

[2] The First Amendment guarantees the right "to petition the Government for the redress of grievances," which has been interpreted to mean the right to meaningful access to the courts and the right to petition all departments of the government. *California Motor Transport Co. v. Trucking Unlimited,* 404 U.S. 508, 510 (1972). However, Plaintiffs' complaint establishes that they were never prevented from petitioning education officials about their complaints. Thus, this claim lacks merit on its face.

[3] The IDEA's exhaustion requirement applies when the gravamen of the complaint is seeking relief from a FAPE denial, even if the face of the complaint does not allege such relief. *Fry v. Napolean Cmty. Sch.*, 580 U.S. 154, 158, 171 (2017). A strong indicator that the gravamen of the suit is a FAPE denial is when the IDEA procedures are initially pursued before shifting to judicial proceedings. 580 U.S. at 173–74.

[4] Defendants also claim that Plaintiffs' suit is barred by the *Rooker-Feldman* doctrine. This doctrine prevents federal courts from exercising jurisdiction over cases brought by state court losers complaining of injuries caused by state court judgments. *Graff v. Aberdeen Enterprises, II, Inc.,* 65 F.4th 500, 514 (10th Cir. 2023). This Court questions the applicability of the doctrine here given that both 20 U.S.C. § 1415(i)(2) and K.S.A. 72-3418(c) specifically allow for federal judicial review of IDEA due process complaints. *See also A.A. ex rel E.A. v. Exeter Tp. School Dist.,* 485 F. Supp. 2d 587, 591 (E.D. Pa. 2007) (federal judicial review of IDEA administrative proceedings is an original civil action).

[5] Plaintiffs reference *Ulusemre v. Kansas State Department of Education*, 24-cv-4095-TC-ADM, a pending federal district court case in which Plaintiffs seek judicial review of their fourth due process complaint. This case, however, is still pending. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) ("We may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand.").

[6] Defendants also raise qualified immunity defenses which this Court chooses not to address as it has granted their motion on other independent and sufficient grounds.